## Isaac Stevens, Administrator, *vs.* Zina Goodell.

A testator, having devised certain land, and bequeathed certain chattels to a minor, whom he also made one of his residuary legatees, afterwards sold and conveyed said land and chattels to a third person, and took his promissory notes in payment : After his decease, his executor delivered those notes to said minor's guardian, who gave his receipt therefor " in full of the legacy bequeathed " to said minor, and collected the money due thereon. The executor was afterwards removed from his trust, and an administrator *de bonis non*, with the will annexed, was appointed. *Held*, that the guardian was not chargeable in the process of foreign attachment, as trustee of the executor ; that the administrator was entitled to recover back the money from the guardian, with interest from the time when it was received ; and that the guardian could not retain, by way of set-off, any sum due to his ward, as residuary legatee, on account of money received by the executor.

Assumpsit for money had and received. The plaintiff sued as administrator *de bonis non*, with the will annexed, of the estate of John Cutting ; and the case was submitted to the court on the following statement of facts :

John Cutting died on the 5th of July 1835, and his last will, bearing date October 20th, 1828, was proved and allowed in the probate court for this county, on the first Tuesday of October 1835 ; and Nathan Nickerson, junior, who was therein

appointed executor, accepted the trust, received letters testa-
mentary, and exercised the trust until April 1839, when he
absconded and left the Commonwealth. He was afterwards re-
moved from said trust by said court of probate, and the plaintiff
was appointed administrator *de bonis non*, with the will annexed,
of said Cutting's estate.

At the date of said will, the testator owned a farm in Orange,
in the county of Franklin, and certain cattle and farming uten-
sils, which he devised and bequeathed to John Cutting Wood.
But the testator afterwards sold and conveyed said farm, in fee
simple, to Amos Goddard, taking in payment said Goddard's
promissory notes to the amount of $1000. The testator also
sold said cattle and utensils.

The said John Cutting Wood is a minor, and the defendant
has been and still is his guardian. On the 21st of August 1836,
said Nickerson, the executor, assigned and delivered to the de-
fendant the notes given, as aforesaid, by Goddard to the testator,
for which the defendant then gave to Nickerson this receipt, viz.
" Received of Nathan Nickerson, junior, executor of the last
will and testament of John Cutting, late of Phillipston, county
of Worcester, deceased, one thousand dollars ; it being in full
of a legacy bequeathed by said Cutting to John C. Wood, of a
farm located in Orange, county of Franklin, and formerly owned
by Nathan Wood, father of John C. Wood ; together with the
farming utensils, &c. mentioned in said legacy. Zina Goodell,
Guardian to John C. Wood."

On the 18th of October 1836, Nickerson rendered, in the
probate court, his account of administration, in which he asked
and was allowed $1000, paid to John C. Wood's guardian ;
but none of the residuary legatees under said will were present
at the settlement of said account, and several of them were mi-
nors having no guardian.

On the 21st of September 1836, the defendant, as guardian
of John C. Wood, rendered an account or inventory, in the
probate court of the county of Franklin, of the said sum of
$1000, and of other moneys then in his hands, as belonging to
his said ward.

On the 13th of August 1840, the plaintiff unsuccessfully demanded a delivery to him, by the defendant, of said promissory notes, or of the proceeds thereof, if they had been collected. Before the commencement of this action, the defendant collected and received the money due on said notes.

The aforesaid John C. Wood is one of the residuary legatees under the will of said John Cutting ; and the said Nickerson, while he was executor, received moneys belonging to said legatees, which have never been paid to them, and for which the sureties on his probate bond are liable. An action is now pending in this court for the recovery of those moneys.

At the March term 1840, of the court of common pleas for the county of Franklin, a creditor of said Nickerson commenced an action, which is still pending, against him as principal and the defendant, as his trustee, for the purpose of charging the defendant on account of the $1000 beforementioned.

The parties agreed that judgment should be rendered upon default or nonsuit, according to the opinion of the court on the foregoing facts ; and that if the court should be of opinion that the plaintiff recover, and that the defendant can be allowed to retain for anything that may be due to his said ward as residuary legatee, on account of money received by said Nickerson as aforesaid, then that an auditor might be appointed to report the facts in relation thereto.

*Stevens, pro se.* If Nickerson, for any legal reason, might not be entitled to recover back this money, yet the administrator *de bonis non* — as he is bound to dispose of the testator's property according to the will and the law — can well maintain this action. *Farwell* v. *Jacobs,* 4 Mass. 634. *Colt* v. *Lasnier,* 9 Cow. 320. *Field* v. *Schieffelin,* 7 Johns. Ch. 150. *Lawrence* v. *Carter,* 16 Pick. 12. *Weeks* v. *Gibbs,* 9 Mass. 74. *Dawes* v. *Boylston,* 9 Mass. 352.

As the money was received wrongfully by the defendant, he is liable for interest from the time he received it. *Wood* v. *Robbins,* 11 Mass. 504. *Mason* v. *Waite,* 17 Mass. 560.

*C. Allen,* for the defendant. The money was paid by Nickerson and received by the defendant under a mistake ; they

supposing that the avails of the sale of the farm, &c. belonged to John C. Wood, to whom they were given by the will. This was a mistake of the law, the facts being known, and therefore the money cannot be reclaimed, either by the English or the American law. 1 Leigh's Nisi Prius, 54–57. 1 U. S. Digest, Assumpsit, 439. In the case cited from 16 Pick. 12, there was a *special agreement*, when the money was advanced to the guardian, that no advantage should be taken thereof, in a final settlement of the testator's estate.

There was not such a wrongful reception of the money by the defendant, as would charge him with interest, under the authorities cited, even if he were not entitled to retain the principal sum.

PUTNAM, J. This case discloses a most extraordinary misappropriation of the funds belonging to the estate of the testator, by his executor, who has been removed from his office. The testator, by his will, which was made in 1828, devised a farm, and gave the stock and utensils, which were upon it, to John Cutting Wood. But afterwards he altered his mind, and conveyed the farm in fee to Amos Goddard, and also sold the personal property ; so that at the time of his death, in 1835, when the will was proved, he was not seized of or entitled to the real and personal estate so devised and bequeathed. The devise and bequest became inoperative. The payment for the farm was made by Goddard in his promissory notes, amounting to $1000, which belonged to the testator's estate, and came to the hands and possession of Nathan Nickerson Jr., the executor. And instead of collecting the money due upon them, to be appropriated according to the will, he delivered them to the defendant, taking the receipt which is set forth in the statement of facts agreed by the parties. This appears to have been done voluntarily on the part of the executor ; and there is nothing in the case to show that the defendant obtained the notes by any fraudulent representations. We know not the motives or reasons which induced the executor thus to misappropriate the property. But however good they may have been, it is too clear for argument, that they proceeded upon misapprehension and mistake. The defendant

appears to have conducted himself fairly, and on the 21st of September 1836, he gave credit for the said sum of $1000, on his guardianship account. The executor has been removed; the defendant has collected the money on the notes; and the plaintiff, as the administrator *de bonis non, cum testamento annexo*, of the testator, now claims to recover, on the ground that the money was had and received for his use in his said capacity.

The goods, chattels, and choses in action of a testator, are holden by the executor in trust, and not as his absolute property. *Dawes* v. *Boylston*, 9 Mass. 352. And there is no pretence, in the case at bar, that the executor had acquired an absolute property in the notes in question "by an administration and account." The notes were delivered without any good consideration, and the plaintiff might have maintained trover for them, as well as assumpsit for the proceeds. It is true that the defendant received them not for himself, but for his ward, and it is contended for him, that he now holds the proceeds in *auter droit*. But that circumstance does not make the case any better for him. The ward is not answerable himself. He remains still in his minority, and his property is in the hands and under the management of the defendant. In 1840, the defendant was specially requested to deliver the notes, or the proceeds if collected, and has refused to do so.

The facts, disclosed in the receipt produced, do not furnish any just reason for his detaining the property in his hands. It clearly belongs to the estate of the testator, to be administered according to his will.

But the case finds that the defendant has been summoned as the trustee of Nickerson, in a process of foreign attachment, which is now pending in the county of Franklin; and if the property belonged to Nickerson, that process should protect the defendant against the claim of the plaintiff. But the short and true answer is, that the property does not belong to him, but to the estate of the testator, from the administration of which Nickerson has been removed.

It appears that the defendant's ward is one of the residuary

legatees under the will of the testator, and that the said Nicker-son received divers sums of money belonging to those legatees, for which the sureties on his probate bond have been sued ; which suit is now pending. And the defendant contends, that he ought by law to retain in his hands any thing that may be due to his ward, as residuary legatee, on account of money received of Nickerson as aforesaid. But we think this claim is untenable. The estate is now in the process of settlement. The plaintiff is entitled to the possession of all that has not been legally dis-posed of, to the end that the will of the testator may be carried into effect. This action is not now to be affected by the claim which the defendant might maintain against Nickerson for his defaults while he held the trust.

It has been farther contended for the defendant, that he should be allowed to deduct, from the money received, what money he has expended on account of his ward before the demand was made. But we do not perceive any good reason for such allowance. It would seem to rest on the right which the defendant had thus to misappropriate the money which he had so received. But no right to the property passed by the deliv-ery of the notes to the defendant. It may be that the defendant, believing this property to belong to his ward, may have ex-pended more money upon him than his pecuniary circumstances would reasonably have warranted. But that fact, if it exists, would be a subject of regret, but would not affect the right. *Lawrence* v. *Carter,* 16 Pick. 12.

The only remaining question is, what sum the plaintiff should recover. And we think it should be the amount which the defendant had received upon the notes at the time when the demand was made, with interest upon the same afterwards